RICHARD A. KEEFE, Plaintiff-Appellant, v. TIM O'NEIL *et al.*, Defendants-Appellees.

First District (4th Division)   No. 87—0751

Opinion filed September 1, 1988.—Rehearing denied October 14, 1988.

JIGANTI, J., dissenting.

Pedersen & Houpt, of Chicago (George L. Plumb and Ross H. Fishman, of counsel), for appellant.

Steven Messner, of Wilmette, for appellees.

JUSTICE JOHNSON delivered the opinion of the court:

This action was commenced in the circuit court of Cook County by plaintiff, Richard A. Keefe, the landlord, pursuant to the Forcible Entry and Detainer Act (Ill. Rev. Stat. 1985, ch. 110, par. 9—101 et. seq.). The trial court ordered defendants, Tim and John O'Neil, the tenants, to terminate their possession of the premises and pay arrearages to the date their possessory interest terminated. Plaintiff's petition for liquidated damages and attorney fees was denied. Subsequently, plaintiff filed a motion for a rehearing on the issues of damages and attorney fees, which the trial court denied. Plaintiff appeals from the denial of this motion raising the issues of (1) whether the trial court erroneously denied plaintiff a hearing on his amended verified petition for damages and petition for attorney fees, and (2) whether defendants' failure to respond to plaintiff's amended verified petition for damages constitutes an admission entitling plaintiff to an order granting such damages.

We affirm.

The record indicates that this is a forcible entry and detainer action to regain possession, via eviction, of certain premises in which plaintiff has an interest as beneficiary of a land trust at La Salle National Bank of Chicago. Plaintiff based his cause of action on an industrial building lease entered into by the parties hereto on October

1, 1982. The lease was for a period from October 1, 1982, until September 30, 1985, at a rental of $3,500 per month. Defendants subsequently extended the lease through September 1988, by notice to plaintiff, at the same rental amount plus a monthly real estate tax deposit in the amount of $450. Plaintiff filed his complaint for forcible entry and detainer on July 8, 1986, asserting that the July 1986 rent had not been remitted.

Defendants, on August 11, 1986, filed their answer and affirmative defense denying the validity of the lease, and the matter was continued until August 25. Defendants filed a counterclaim on August 18, alleging a joint venture with plaintiff involving the property. The matter came for hearing on August 25 and was set for trial on September 2, 1986, solely on the issue of possession. On August 29, defendants filed a motion to dismiss and plaintiff filed a motion to strike the counterclaim as not timely filed and containing irrelevant issues. Both motions were set for hearing on September 2, 1986.

The September 2 hearing resulted in the issuance by Judge Loverde of an agreed order which (1) required defendants to pay $7,900 to plaintiff, said sum representing rent for July, August, and September at the rate of $3,800 per month (which included a real estate tax deposit of $300 per month) less the security deposit of $3,500; (2) specified that "all rights and interests to the leasehold presently before the Court will end on October 1, 1986, with defendants to hold possession until that date"; (3) continued plaintiff's claim for damages and all other motions until October 8, 1986; and (4) granted plaintiff seven days to file amended pleadings and defendants 14 days to respond to those pleadings.

Plaintiff filed a petition for damages on September 12, 1986. On October 8, the trial court denied that petition, granted plaintiff leave to amend, and set the matter for hearing on October 28, 1986. Defendants filed their amended counterclaim on October 27. The next day (the date set for hearing) plaintiff filed his amended verified petition for damages and memorandum in support thereof, defendants filed their response and supportive memorandum, and the matter was continued.

On December 19, 1986, the matter came for hearing before Judge Schwaba. The trial court granted plaintiff's motion to strike defendants' counterclaim as not being germane or related to a forcible entry and detainer complaint. Further, the court denied plaintiff's amended verified petition for damages and for attorney fees "due to the order of J. Loverde of September 2, 1986, and the payment of $7,900." Plaintiff filed a motion for rehearing and for judgment on the plead-

ings, which was denied on January 20, 1987. Plaintiff appeals.

I

Plaintiff contends that the trial court erroneously denied him an evidentiary hearing on the issues of damages and attorney fees. He emphasizes the language of the December 14, 1986, order wherein the trial court stated that its denial was "due to the order of J. Loverde of September 2, 1986, and the payment of $7,900." Plaintiff asserts that such language is indicative of the trial court's misinterpretation of the September 2 order as a settlement agreement. He argues that the September 2 hearing did not consider damages or attorney fees, and that, in fact, the resultant order from that hearing specifically continued those issues. He further claims that the trial court refused to hear evidence on damages or attorney fees on December 19 when it denied his amended petition for damages and for attorney fees and, thereby, deprived him of a hearing on these issues.

■ We note first that we agree the September 2 order, by continuing the issues of damages and attorney fees, does clearly indicate that these matters were unresolved at that time. However, we cannot agree with plaintiff's contention that he was deprived of an evidentiary hearing on these issues. Judge Schwaba's reference to the September 2 order can raise inferences inconsistent with plaintiff's assertion. On plaintiff's allegation alone, we will not assume that the trial court misinterpreted the September 2 order to be a settlement agreement or that it arbitrarily refused to allow plaintiff an opportunity to present his evidence. "It is a basic principle of appellate practice that a party who brings a cause to a reviewing court must present in the record the proceedings to show the error complained of." (*La Pierre v. Oak Park Federal Savings & Loan Association* (1974), 21 Ill. App. 3d 541, 546; Ill. Ann. Stat., ch. 110A, par. 321, Historical and Practice Notes, at 349 (Smith-Hurd 1985).) Plaintiff has failed to include in the record a report of the proceedings of December 19, 1986. Thus, plaintiff has failed to support his allegations of error with the record and, accordingly, we will not consider his allegations on appeal. Furthermore, the record indicates the contrary to plaintiff's assertion. In the report of the January 20 proceedings on plaintiff's motion for rehearing, the trial court stated that it granted a full and extensive hearing on these issues on December 19, 1986. Therefore, plaintiff's contention fails.

II

■ Plaintiff contends, secondly, that defendants failed to answer

his amended verified petition for damages and, thereby, are deemed to have admitted its allegations pursuant to section 2—610(b) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—610(b)).

Plaintiff is mistaken. First, the record indicates that defendants filed their response on October 28, 1986, the very day plaintiff filed his amended verified petition for damages. Secondly, section 2—610(b) of the Code of Civil Procedure provides that "[e]very allegation, *except allegations of damages,* not explicitly denied is admitted." (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 110, par. 2—610(b).) Thus, defendants were under no obligation to deny plaintiff's amended verified petition for damages, and plaintiff fails to bring himself within the purview of the rule he purports.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

LINN, J., concurs,

PRESIDING JUSTICE JIGANTI, dissenting:

I respectfully dissent from the opinion of the majority because I believe that the record is abundantly clear that the plaintiff has never had an evidentiary hearing on the issue of damages.

As stated by the majority, a review of Judge Loverde's order of September 2, 1986, shows that the issue of damages had not been decided on that date but was instead continued for a hearing. After a number of continuances, the parties appeared before Judge Schwaba on December 19, 1986. The only pleadings before the court were the plaintiff's complaint seeking damages for breach of the lease and the defendants' answer denying certain allegations of the complaint. The issues were joined. There was no motion to dismiss. The trial judge on that date entered an order denying the relief requested in the plaintiff's complaint. The order recited the fact that the denial was "due to the order of [Judge] Loverde of September 2, 1986, and the payment of $7,900."

The plaintiff filed a motion for rehearing alleging that the trial judge indicated to counsel on December 19, 1986, that he had been advised by Judge Loverde that the matter had been settled on September 2, 1986. The petition further alleged that the trial judge was in error in finding that a settlement of the damages claim had occurred because the text of the September 2 order expressly stated that the issue of damages was continued for a hearing. A hearing on

the plaintiff's motion for rehearing was held on January 20, 1987. The report of proceedings shows that counsel for the plaintiff argued that the damages issue had never been settled and that the plaintiff was entitled to a hearing on its claim.

The defendants did not dispute the plaintiff's allegations in the petition for rehearing that the damages claim was never settled and that no evidentiary hearing had been held on December 19 or on any other date. Nor did they dispute the plaintiff's statement to that effect in open court at the hearing on the plaintiff's petition for rehearing. The only comment by the defendants at that hearing was that the trial court on December 19 "reviewed the file extensively and all the supporting memorand[a]" before issuing the order denying the plaintiff's claim for relief. The trial judge nevertheless stated that there had been "a very full and extensive hearing" on December 19 and that the court made findings on that date.

The plaintiff on appeal asks this court to vacate the order of dismissal so that he can have an evidentiary hearing on the issues joined by the complaint and answer. The majority states that it cannot agree that the plaintiff was deprived of an evidentiary hearing because the trial court recalled that a "very full and extensive hearing" took place on December 19 and the plaintiff has failed to include in the record a report of proceedings for that date. In my view, the record before us is sufficient to show that no such hearing took place on that date. The trial judge's comments regarding a full and extensive hearing obviously refer to a hearing on the matter of whether a settlement occurred on September 2, 1986, and not to a hearing on the merits of the plaintiff's damages claim. Most significantly, the defendants did not contend in the trial court and do not contend in this court that a hearing on the merits of the plaintiff's claim occurred on December 19.

A similar situation arose in the case of *Kahn v. Deerpark Investment Co.* (1969), 115 Ill. App. 2d 121, 253 N.E.2d 121. In that case, the plaintiff attempted to avoid review of a judgment in its favor by arguing that because there was no report of proceedings on record, the reviewing court was bound to presume that there existed sufficient evidence to support the trial court's decision. The plaintiff maintained that in the absence of a report of proceedings, several statements of fact made by the defendants on appeal were unsupported by the record. In rejecting this argument, the reviewing court pointed out that a memorandum of law had been filed in the trial court by the defendant which stated the pertinent facts and in which the plaintiff apparently acquiesced because it did not reply that the facts were

other than as stated in the memorandum.

In the instant cause, we are not concerned with the facts as such, but merely with the issue of whether or not an evidentiary hearing was held on the issues that were joined. The plaintiff made allegations both in his petition for rehearing and in argument before the court assuming the fact that there had been no evidentiary hearing. There was never any contest on this issue. There should be no contest now. I would reverse.