THE VILLAGE OF WORTH, Plaintiff-Appellee and Counterdefendant, v. FRED R. HAHN, JR., Defendant-Appellant and Counterplaintiff.

First District (3rd Division)   No. 1—88—3025

Opinion filed December 5, 1990.

George J. Jasinski, of Palos Heights, for appellant.

James E. Gierach, of Oak Lawn, for appellee.

JUSTICE RIZZI delivered the opinion of the court:

Defendant Fred R. Hahn, Jr. (Hahn), appeals from an order of the circuit court which entered judgment in favor of plaintiff Village of Worth (Village) and against him on plaintiff's motion for judgment on the pleadings. We affirm.

On March 23, 1987, the Village of Worth filed a two-count verified complaint against Hahn seeking a fine, injunction and other relief. Count I of the complaint alleged that Hahn was the owner of a parcel of residential real estate located within the corporate limits of the Village. The complaint further alleged that beginning on or about January 14, 1986, and continuing until the filing of the complaint, Hahn erected and constructed an addition to his garage which exceeded an area of 576 square feet and a length of 24 feet in violation of a Village of Worth zoning ordinance. Count I's prayer for relief requested that the court fine defendant $500 for each day that he remained in violation of the zoning ordinance. Count II requested an injunction requiring defendant to correct the zoning violations, an order compelling defendant to demolish the garage addition, the appointment of a receiver and the placement of a lien on the property for the cost of demolition if required to bring the defendant's real property into compliance with the Village of Worth zoning ordinances.

On May 11, 1987, defendant filed a motion to dismiss plaintiff's

complaint. In his motion, defendant alleged that the Village of Worth failed to allow him to appeal from the building inspector's decision which found him in violation of a Village zoning ordinance. Following briefing and oral argument on August 20, 1987, the court ordered the Village of Worth Zoning Board of Appeals to conduct a hearing on defendant's request for a variance from the zoning requirements pursuant to the ordinance's appeals procedures.

On March 31, 1988, plaintiff filed its first amended complaint. On May 31, 1988, when defendant had failed to answer the complaint, plaintiff filed a motion for default judgment. Following a hearing, the trial court denied the motion and allowed defendant until June 13, 1988, to answer. On June 13, 1988, defendant filed an answer, affirmative defense and countercomplaint for declaratory judgment wherein he alleged that the Village of Worth Zoning Board of Appeals had granted his request for a variance. Defendant further alleged that notwithstanding the board's decision, the Village had failed to implement the variance.

On July 20, 1988, the trial court issued an order allowing plaintiff until July 29, 1988, to respond to defendant's pleadings and counterclaim. On August 2, 1988, plaintiff filed a motion for judgment on the pleadings, a reply, an answer to plaintiff's affirmative defense, and a motion to dismiss the countercomplaint for declaratory judgment. On August 10, 1988, the trial court entered an order (1) granting plaintiff's motion for judgment on the pleadings on counts I and II of its complaint; (2) granting plaintiff's motion to dismiss defendant's counterclaim; (3) directing defendant to correct and abate the excess size of his detached garage; and (4) setting the case for a status hearing on September 13, 1988.

On September 9, 1988, defendant filed a motion for reconsideration of the court's August 10 order and a first amended countercomplaint. On September 13, plaintiff filed a motion to dismiss defendant's first amended countercomplaint with prejudice. On September 13, 1988, the trial court entered an order which (1) denied defendant's motion to reconsider; (2) granted plaintiff's motion to dismiss defendant's first amended countercomplaint with prejudice; and (3) assessed a $500 fine against defendant. On October 6, 1988, defendant filed a motion to stay entry of judgment pending appeal and a notice of appeal. On October 11, 1988, the trial court granted defendant's motion to stay entry of judgment pending appeal. On October 18, 1988, the trial court ordered the stay of its order to demolish defendant's garage. This appeal followed.

On appeal defendant first contends that the trial court erred in

granting plaintiff's motion for judgment on the pleadings. We disagree.

■■ ■ A motion for judgment on the pleadings tests the sufficiency of the pleadings by determining whether the plaintiff is entitled to the relief sought by his complaint or, alternatively, whether the defendant by his answer has set up a defense which would entitle him to a hearing on the merits. (*Hartlett v. Dahm* (1981), 94 Ill. App. 3d 1, 3, 418 N.E.2d 44, 45.) The motion requires an examination of the pleadings to determine the existence or absence of an issue of fact, or whether the controversy can be resolved as a matter of law. (*Baker-Wendell, Inc. v. Edward M. Cohon & Associates, Ltd.* (1981), 100 Ill. App. 3d 924, 927, 427 N.E.2d 317, 319.) However, if the pleadings put in issue one or more material facts, evidence must be taken to resolve such issues, and a judgment may not be entered on the pleadings. (*Bank & Trust Co. v. Arnold N. May Builders, Inc.* (1980), 90 Ill. App. 3d 454, 456, 413 N.E.2d 183, 184.) A motion for judgment on the pleadings admits the truth of all facts well pleaded by the opposite party. *Bank & Trust Co.*, 90 Ill. App. 3d at 456.

In the present case, defendant contends that his answer and countercomplaint raised factual issues which should have precluded the court from entering a judgment on the pleadings. Defendant further argues that his motion for reconsideration in which he alleged that plaintiff refused to allow him to appeal the decision of the Village building inspector should have precluded entry of judgment on the pleadings.

The record reveals that defendant made several judicial admissions in his pleadings which resolved all issues of material fact. Plaintiff by verified complaint alleged that defendant was in violation of a Village of Worth ordinance which required that no garage exceed 576 square feet and no one side of the building exceed 24 feet in length. In his answer, defendant admitted that his garage occupied a gross area of approximately 1,596 square feet and that it had sides which exceeded 24 feet in length. Defendant also admitted that after applying for and receiving a permit to construct a garage with dimensions allowed by the ordinance, he later added an addition which is not used exclusively as a garage, but which exceeds the boundaries authorized by the Village ordinance. Defendant further alleged that since he applied to the zoning board for a variance, he was not in violation of the statute.

In his countercomplaint for declaratory judgment, defendant alleged that although the zoning board of appeals had granted his request for a variance, the Village trustees failed to accept and imple-

ment their recommendation. Defendant further alleged that to the extent that Village ordinance prohibited the existence of his garage, it was invalid, void and contrary to the State and Federal Constitutions. Defendant therefore sought a declaratory judgment that the Village ordinance was unconstitutional.

■ The issue as framed by the pleadings was whether the size of defendant's garage exceeded the dimensions required by Village ordinance. Defendant admitted that his garage exceeded the required dimensions, but alleged that he had been granted a variance by the zoning board which was not implemented by the Village trustees. Plaintiff alleged in its motion for judgment on the pleadings that the Village of Worth zoning ordinance places the power to grant the type of variation requested by defendant in the board of trustees, who must grant the variance via implementation of an ordinance. Plaintiff further alleged in its reply to defendant's answer that because the zoning board can only make recommendations upon approval of at least four board members, the vote on defendant's request for variance which only received three votes did not pass. A copy of the minutes of the Board's meeting which supports plaintiff's position was attached to the reply. It is clear that defendant's request for a variance was denied by the zoning board of appeals. Therefore, defendant by his own admission is in violation of the Village ordinance governing the size of residential garages.

■ Further, defendant's contention that an issue raised in his motion for reconsideration should have precluded the court from entering judgment on the pleadings is without merit since that motion was not before the court when the motion for judgment on the pleadings was granted. We therefore conclude that the trial court did not err in granting plaintiff's motion for judgment on the pleadings.

Defendant raises two additional trial court errors. Defendant contends that the trial court erred in allowing plaintiff to file its response to defendant's pleadings on August 2, 1988, when its order of July 20 indicated that plaintiff had until July 29, 1988, to respond. Defendant also contends that the trial court erred in granting the plaintiff's motion to dismiss its first amended countercomplaint with prejudice since plaintiff failed to serve defendant with notice. We disagree with both of defendant's contentions.

■ It is a basic principle of appellate practice that a party who brings a cause to the appellate court must provide a record which demonstrates the complained-of error. (*Keefe v. O'Neil* (1988), 174 Ill. App. 3d 1068, 1071, 529 N.E.2d 628, 630.) In addition, failure to raise an objection at trial or during post-trial proceedings results in waiver

of any alleged error. (*Western Casualty & Surety Co. v. Brochu* (1985), 105 Ill. 2d 486, 500, 475 N.E.2d 872, 879.) Further, the failure to specifically appeal from a trial court order precludes review of that order. *Lewanski v. Lewanski* (1978), 59 Ill. App. 3d 805, 815, 375 N.E.2d 961, 968-69; 107 Ill. 2d R. 301.

■ Here, the defendant's contentions must fail because the record on appeal, which consists of the common-law pleadings alone, does not demonstrate that defendant objected to plaintiff filing its pleadings on August 2 instead of July 29. Defendant failed to either file a written objection or provide this court with a transcript of the relevant court proceedings to demonstrate the complained-of error and defendant's objection thereto. In addition, defendant failed to include in his prayer for relief in the notice of appeal any request to reverse the trial court's order dismissing defendant's first amended countercomplaint with prejudice. Accordingly, any error on those issues is waived.

For the foregoing reasons, the order of the trial court is affirmed.

Affirmed.

CERDA, P.J., and WHITE, J., concur.