THE VILLAGE OF MELROSE PARK, Plaintiff-Appellant and Cross-Appellee, v. NAUTILUS INSURANCE COMPANY, Defendant-Appellee and Cross-Appellant.

First District (1st Division)   No. 1—89—1484

Opinion filed May 28, 1991.

Baker & McKenzie, of Chicago (Francis D. Morrissey, Edward J. Zulkey, Gerald L. Maatman, Jr., and Mark H. Boyle, of counsel), for appellant.

Miller & Meihofer, of Chicago (Sam L. Miller, Kurt C. Meihofer, and Michael W. Rathsack, of counsel), for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

The Village of Melrose Park (Village) brought a declaratory judgment action against Nautilus Insurance Company, its insurer for a community festival, after Nautilus refused to defend a negligence action against the Village for the death of a food vendor. The trial court granted Nautilus' motion for summary judgment, finding that the deceased's function as a vendor at the festival placed him in a class of persons excluded from coverage by the policy. For the reasons below, we affirm.

In the summer of 1986, the Village of Melrose Park sponsored a festival fashioned after the Taste of Chicago, called "A Taste of Melrose Park." The Village obtained insurance for the festival from Nautilus Insurance Company, which provided coverage for bodily injuries listed in the policy's "Description of Hazards" paragraph, which stated: "Vendors included." The policy also contained an exclusion paragraph listing exclusions from coverage, which stated in relevant part:

"It is agreed that such insurance as is provided by this policy does not apply to and the company shall have no duty to defend any action brought to recover:

(a) Bodily Injury or Personal Injury to any person while practicing for or participating in any contest, demonstration, event, exhibition, race or show. As used in this provision, 'any person' shall include but not be limited to participants, attendants, mechanics, stewards, timing officials, announcers, corner men, musicians, singers, animal handlers, officials or any other person employed by or doing volunteer work for the named insured."

The policy applied from August 29, 1986, to September 1, 1986.

On August 30, 1986, Joseph Mugnolo, a food vendor at the festival, was electrocuted when he touched an aluminum tent pole that was in contact with an exposed electrical wire. Mugnolo's estate brought claims against the Village, which tendered its defense to Nautilus. After a series of letters, Nautilus refused to defend, maintaining it had no duty to defend or indemnify.

The Village brought a declaratory judgment action against Nautilus, alleging Nautilus' duty to defend and indemnify under its policy. The Village then moved for summary judgment, which was denied. In December 1988, the trial court granted Nautilus' motion for summary judgment, ruling that Mr. Mugnolo's death was not covered by the Nautilus policy because, as a food vendor at the festival, Mr. Mugnolo was a participant in an event, a class of persons excluded from coverage by the policy's exclusion paragraph. The Village appeals.

■ Although we agree that vendors were excluded from coverage, we disagree with the trial court's reasoning that vendors were excluded as participants in the event. The exclusion paragraph excluded coverage for any person practicing for or participating in a "contest, demonstration, event, exhibition, race or show," activities with elements of spectacle or direct competition, which create a higher, or different, risk from other activities associated with a community festival. Clearly, Nautilus did not intend to insure the higher or different risk, and just as clearly, vending food contains none of the inherent elements that elevate the level of risk. Thus, although vendors were participants in the festival,

they were not, as the trial court implied, "part of the show," which Nautilus did not intend to insure.

But vendors were not included in the policy coverage merely because they were not specifically excluded. The policy obligated Nautilus to defend and indemnify the Village for claims arising from injuries suffered at the festival. The Village argues that vendors were covered because they were specifically listed in the description of hazards. Nautilus responds that the inclusion of vendors in the description of hazards intended not to provide coverage for injuries to vendors, but to provide coverage for persons injured by vendors.

■ Nautilus' argument appears correct. The Village obtained the Nautilus policy to insure itself against claims by festival patrons. The vendors, however, who were present at the festival to conduct their own business for their own benefit, would presumably have insured themselves. Thus, the inclusion of vendors in the description of hazards did not extend policy coverage to injuries to vendors, but rather assured that the Village was covered for claims brought by third parties for injuries caused by vendors. Accordingly, Nautilus was not obligated to defend or indemnify the Village for the claims brought by Mugnolo's estate.

■ The Village also argues, without merit, that Nautilus was estopped to deny coverage because it failed either to seek a judicial determination of its rights and duties, or defend the underlying action with a reservation of rights. Although the Village brought the declaratory judgment action, Nautilus actively sought, through a motion for summary judgment, an adjudication of its rights and duties. That the Village brought the action is irrelevant; it is the fact of the declaratory judgment that is of legal import, and not the identity of the party initiating the proceeding. *Ayers v. Bituminous Insurance Co.* (1981), 100 Ill. App. 3d 33, 35 n.1, 424 N.E.2d 1316. See also *County of Massac v. United States Fidelity & Guaranty Co.* (1983), 113 Ill. App. 3d 35, 446 N.E.2d 584.

Reading the policy as a whole, we conclude that there was no intent to provide coverage for injuries to vendors. We therefore hold that Nautilus correctly refused to defend, but express no opinion concerning the Village's liability or the ability of the Mugnolo estate to otherwise recover from the Village. Accordingly, we affirm.

Affirmed.

CAMPBELL and BUCKLEY, JJ., concur.