FIFTH DIVISION

June 19, 1998

1-97-3887

NORTH AMERICAN SPECIALTY INSURANCE ) Appeal from the 

COMPANY, a/s/o R.O.D. LEASING, INC., ) Circuit Court of 

d/b/a DOLLAR RENT-A-CAR, ) Cook County.    

) 

Plaintiff-Appellee, ) 

) 

v. )

) 

LIBERTY MUTUAL INSURANCE COMPANY, ) The Honorable ) Robert V. Boharic,

Defendant-Appellant. ) Judge Presiding.

JUSTICE HARTMAN delivered the opinion of the court:

Plaintiff, North American Specialty Insurance Company (North American), filed suit for declaratory judgment against defendant, Liberty Mutual Insurance Company (Liberty), seeking indemnification or, in the alternative, contribution from Liberty for a settlement made pursuant to an insurance policy it had issued.  On cross-motions for summary judgment, the circuit court entered judgment for North American in the amount of $29,738.10, apportioning liability between the insurers in proportion to their policy limits.  Liberty appeals, contending that the court erred in using the "policy limits" method of apportioning loss, instead of the "equal shares" method, to calculate Liberty's contribution.

On July 10, 1994, Charlotte Coble rented a car from R.O.D. Leasing, Inc. d/b/a Dollar Rent-a-Car (Dollar), North American's policyholder, for use while on a business trip for her employer, Modern Business Systems, Inc. (MBS), Liberty's policyholder.  Pursuant to MBS's policy with Liberty, Coble was an "additional insured," covered up to $2 million for a single accident.  Coble also was covered by Dollar's policy with North American in the amount of $50,000 for a single accident.

On July 11, 1994, Coble was involved in a collision with another vehicle, causing damage to the other vehicle.  At the time, both the North American and the Liberty policies were in effect and contained the same coverage form, entitled "Business Auto Coverage Form."  Both forms contained an "other insurance" clause, which provided that the coverage was primary for any automobile the policyholder owned, and excess for any non-owned vehicle.  Both "other insurance" clauses also provided that, when sharing losses with other policies, the "policy limits" method was to be used:

"When this Coverage Form and any other Coverage Form or policy covers on the same basis, either excess or primary, we will pay only our share.  Our share is the proportion that the Limit of Insurance of our Coverage Form bears to the total of the limits of all the Coverage Forms and policies covering on the same basis."  

The policies were endorsed, however, with amendatory provisions that deleted the "other insurance" clauses in their entireties, including the methods of sharing provisions, replacing them with language designating both policies as "excess" over other insurance policies.  Neither policy, however, readopted the "policy limits" method of sharing; rather, each was silent as to the method of sharing.

   After paying the owner of the vehicle struck by Coble $30,481.55 for his losses, North American filed suit against Liberty, seeking indemnification from Liberty or, in the alternative, contribution from Liberty in the amount of its proportionate share.  In its motion for summary judgment, North American sought contribution from Liberty, using the "policy limits" method, where each insurer contributes to the loss, up to the amount of its limit of liability, based on the ratio of its policy limit to the aggregate of available coverage.  In its cross-motion, Liberty sought to contribute using the "equal shares" method, where each insurer contributes the same amount until the limit of liability of one is exhausted.  

Finding that the "better" method of calculating the manner of sharing the loss between the two insurance providers to be the "policy limits" method, the circuit court granted North American's motion for summary judgment.
  Liberty appeals, contending that the court erred, as a matter of law, in using the "policy limits" method to apportion liability.

Review of the circuit court's disposition under the circumstances presented here is 
de novo
.  
Mobil Oil Corp. v. Maryland Casualty Co.
, 288 Ill. App. 3d 743, 751, 681 N.E.2d 552 (1997).

Two insurers, both having mutually repugnant "other insurance" clauses establishing "excess" coverage, must divide the liability equally where neither policy specifies the method of apportionment.  
U.S. Fidelity & Guaranty Co. v. Alliance Syndicate, Inc.
, 286 Ill. App. 3d 417, 419, 676 N.E.2d 278 (1997).  "[E]quity requires that both companies be on equal footing requiring an equal apportionment of the settlement which is within the limits of the respective policies."  
Continental Casualty Co. v. Travelers Insurance Co.
, 84 Ill. App. 2d 200, 207, 228 N.E.2d 141 (1967).  
A loss covered solely by two excess carriers forces "the insurers to divide the liability equally between themselves."  
Continental National American Insurance Co. v. Aetna Life & Casualty Co.
, 186 Ill. App. 3d 891, 898, 542 N.E.2d 954 (1989).  

In the instant case, although both North American and Liberty's policies initially specified the use of the "policy limits" method, amendatory endorsements specifically deleted those provisions.  Neither insurer chose to readopt the "policy limits" method; instead, both policies remained silent as to the method of apportionment.  Although North American urges application of the deleted method, to apply that method now contravenes the purpose of the endorsements.  See 
Manchester Insurance & Indemnity Co. v. Universal Underwriters Insurance Co.
, 5 Ill. App. 3d 847, 853, 285 N.E.2d 185 (1972).

Notwithstanding its failure to readopt the deleted apportionment language,  North American maintains that the "policy limits" method is the more equitable in the instant case and urges its use, relying upon 
Universal Underwriters Insurance Group v. Griffin
, 287 Ill. App. 3d 61, 677 N.E.2d 1321 (1997) (
Griffin
). 
There, however, both insurance carriers agreed to share the loss in proportion to their policy limits; moreover, language in one of the policies specified that the insurer would be liable for a "proportionate share with other collectible liability insurance."  
Griffin
, 287 Ill. App. 3d at 75-76.  The 
Griffin
 court, in using the "policy limits" method to calculate liability, therefore enforced a valid, uncontradicted provision in one insurance policy and also implemented the parties' express intentions.

 Unlike the insurance carriers in 
Griffin
, in the case 
sub judice
, North American and Liberty do not agree as to the method of apportioning loss.  Moreover, 
neither insurance policy specifies the method to be used in apportioning loss.  Significantly, both policies deliberately deleted express language specifying the use of the "policy limits" method.

Notwithstanding the distinguishable facts of 
Griffin
, North American relies upon the reasoning of the 
Griffin
 court.  Pointing to language in the 
Griffin
 opinion suggesting that the insurance carrier who receives the higher premium for the greater coverage should bear the majority of the loss, North American argues that the "policy limits" method is more equitable because "it is reasonable to assume that Liberty collected higher premiums for its higher liability limit."

North American's presumption and 
reasoning, however, ignore the fact that North American contracted to cover a loss up to the limits of the policy, or $50,000.  Until that point is reached, application of the "policy limits" method amounts to a subsidy from the high-coverage to the low-coverage carrier.  The insurer providing higher coverage has undertaken to protect an insured against accidents incurring high losses; when high losses, above the limit of the smaller insurer, result, the larger insurer will pay a greater portion.  In cases of low losses, however, the larger insurer is in an inequitable position compared to an insurer providing lesser coverage if the "policy limits" apportionment method is used.  The 
Griffin
 court did not consider this facet of the issue.

North American justifies what would amount to a subsidy by pointing to the theoretically higher premiums received by Liberty. Even if the premiums charged by Liberty were greater, however, this alone does not justify application of the "policy limits" method.  North American contracted to provide $50,000 in coverage and charged a premium commensurate with that risk.  Until the coverage amount is surpassed, North American is liable for an equal share of the loss.

For the forgoing reasons, the judgment of the circuit court is reversed
 and the cause is remanded with instructions to enter summary judgment for Liberty, apportioning loss by utilizing the "equal shares" method as the predicate.

Reversed and remanded with instructions.

HOFFMAN, P.J., and HOURIHANE, J., concur.