PEKIN INSURANCE COMPANY, Plaintiff-Appellant, v. ALLSTATE INSURANCE COMPANY, Defendant-Appellee.

First District (1st Division)   No. 1—01—1594

Opinion filed March 29, 2002.

Donald J. Kindwald and Jeffrey W. Gott, both of Moltzen & Kindwald, Ltd., of Chicago, for appellant.

Peter C. Morse, of Morse & Bolduc, of Chicago, for appellee.

JUSTICE COUSINS delivered the opinion of the court:

The plaintiff, Pekin Insurance Company (Pekin), filed a complaint for declaratory judgment against the defendant, Allstate Insurance Company (Allstate), on August 3, 2000. Pekin's complaint for declaratory judgment requested that the court declare that Pekin and Allstate were co-insurers for the insured, Trevor Cary. Trevor Cary was being sued for damages in a cause filed on March 7, 1997, that was pending in the circuit court of Cook County.

Allstate filed a counterclaim for declaratory judgment on December 4, 2000, alleging that it did not owe any liability as its policy excludes coverage of liability arising out of business pursuits. Allstate further alleged that it did not owe reimbursement to Pekin for the defense costs. On December 4, 2000, Allstate also filed an answer. On February 9, 2001, Allstate filed a motion for judgment on the pleadings requesting that the court declare that Pekin was the sole primary liability insurer of the insured and his business. The trial court entered judgment on the pleadings in favor of Allstate.

Pekin filed a timely appeal alleging that the trial court erred in allowing judgment on the pleadings because Allstate was estopped from raising defenses to coverage for failure to properly respond to the tender of defense.

## BACKGROUND

Pekin's action for declaratory judgment against Allstate arises from an action for damages brought by Rose Stolzenberg and Linda White, individually and as guardian of Nava R. Stolzenberg, an 11-year-old minor. The action named Trevor Cary, French Cary III and Corals & Critters Pet Store (Corals & Critters) as party defendants. The Stolzenberg action alleged that Nava Stolzenberg was attacked and injured by Trevor Cary's dog while in his pet store. On August 7, 2000, in a jury trial, Trevor Cary and Corals & Critters were found liable for the injuries resulting from the dog bite. French Cary III was dismissed from the case. The jury assessed damages at $50,000, jointly and severally, against Trevor Cary and Corals & Critters. Pekin issued an insurance policy to Corals & Critters, under which Trevor Cary was an insured, that was in effect during the time of the incident. Trevor Cary and Corals & Critters tendered their defense to Pekin. Pekin contacted Allstate asking Allstate to extend coverage to Trevor Cary in the defense of the Stolzenberg action. On November 14, 1999, Allstate corresponded with Pekin with carbon copies to Trevor Cary advising that its homeowner's policy was excess to Pekin's commercial policy and did not extend coverage to business pursuits. The correspondence also advised Pekin that the Pekin commercial policy provides that it is undoubtedly primary.

On August 3, 2000, Pekin filed its claim for declaratory judgment against Allstate, four days before the jury in the Stolzenberg action found Trevor Cary and Corals & Critters liable. On December 4, 2000, Allstate filed a counterclaim for declaratory judgment against Pekin alleging that Pekin was the sole primary insurer in the Stolzenberg action. The trial court entered judgment on the pleadings in favor of Allstate pursuant to a motion for judgment on the pleadings filed by Allstate on February 9, 2001. The trial court found that Pekin was the sole primary insurer and Allstate's policy was excess to Pekin's commercial policy.

Pekin appeals. We affirm.

## ANALYSIS

### I

■ This matter arose from the granting of Allstate's motion for judgment on the pleadings pursuant to the Code of Civil Procedure

(735 ILCS 5/2—615(e) (West 1992)). The disposition of a judgment on the pleadings is not discretionary; therefore, our standard of review is *de novo*. *Board of Trustees of the University of Illinois v. City of Chicago*, 317 Ill. App. 3d 569, 571, 740 N.E.2d 515 (2000). A motion for judgment on the pleadings tests the sufficiency of the pleadings by determining whether the plaintiff is entitled to the relief sought by his complaint. *Village of Worth v. Hahn*, 206 Ill. App. 3d 987, 990, 565 N.E.2d 166 (1990). The motion requires the trial court to examine the pleadings and determine whether there is an issue of fact or whether the controversy can be resolved as a matter of law. *Village of Worth*, 206 Ill. App. 3d at 990. On appeal, the reviewing court must ascertain whether the trial court correctly determined that the pleadings presented no issue of material fact and, if there was no such issue, whether the court correctly entered the judgment. *TDC Development Corp. v. First Federal Savings & Loan Ass'n of Ottawa*, 204 Ill. App. 3d 170, 174, 561 N.E.2d 1142 (1990).

Pekin argues that the trial court erred in granting judgment on the pleadings because Allstate was estopped from raising noncoverage as a defense. Pekin claims that Allstate did not defend the Stolzenberg action under reservation of right or seek a declaratory judgment that no coverage exists after receiving a tender of defense. See *La Grange Memorial Hospital v. St. Paul Insurance Co.*, 317 Ill. App. 3d 863, 870, 683 N.E.2d 947 (2000).

Our supreme court has held that when a complaint against the insured alleges facts within or potentially within the scope of the policy coverage, the insurer taking the position that the complaint is not covered by the policy has two options. It must either defend the suit under reservation of right or seek a declaratory judgment that there is no coverage. *State Farm Fire & Casualty Co. v. Martin*, 186 Ill. 2d 367, 371, 710 N.E.2d 1228 (1999). If the insurer refuses to defend under reservation or seek declaratory judgment, it may be found to have breached its duty to defend. *La Grange*, 317 Ill. App. 3d at 870. When an insurer has breached its duty to defend, it is estopped from raising any policy defenses based on noncoverage. *La Grange*, 317 Ill. App. 3d at 870.

Allstate responds that the estoppel rule does not apply to this situation because an action for declaratory judgment was filed by Pekin prior to the resolution of the Stolzenberg action. Allstate relies on *Sears, Roebuck & Co. v. Seneca Insurance Co.*, 254 Ill. App. 3d 686, 694, 627 N.E.2d 173 (1993). In that case the plaintiff brought a declaratory judgment action against the defendant insurance company to determine the issue of coverage. The court in *Sears* held that whether the plaintiff or defendant initiated the declaratory judgment action is

irrelevant, and the estoppel rule does not apply when one party actively seeks, through a motion for summary judgment, an adjudication of its rights and duties. *Sears*, 254 Ill. App. 3d at 694. See also *Village of Melrose Park v. Nautilus Insurance Co.*, 214 Ill. App. 3d 864, 867, 574 N.E.2d 198 (1991); *Ayers v. Bituminous Insurance Co.*, 100 Ill. App. 3d 33, 35 n.1, 424 N.E.2d 1316 (1981).

■ In the instant case, Pekin brought an action for declaratory judgment on August 3, 2000. The underlying suit was resolved on August 7, 2000. The action for declaratory judgment, even though initiated by Pekin, was brought prior to the resolution of the Stolzenberg action. Allstate actively sought an adjudication of its rights by filing a counterclaim for declaratory judgment and a motion for judgment on the pleadings. As a result, Pekin's estoppel argument fails. *State Farm*, 186 Ill. 2d at 374 (holding that an insurer will not be estopped from denying coverage merely because the underlying case proceeds to judgment before the declaratory judgment action is resolved).

Allstate also argues that it had no duty to defend. In their correspondence, Allstate claims that Pekin is solely responsible for defending Trevor Cary because it is the primary insurer and Allstate's policy is an excess policy. Allstate further claims that because Pekin did not reply to Allstate's letter and proceeded to defend Trevor Cary, Pekin acknowledged that Allstate had no duty to defend. However, we need not address that issue in light of our holding that Allstate was not barred by the estoppel doctrine from contesting the claim that it had a duty to defend because Pekin filed an action for declaratory judgment against Allstate while the suit against the insured was pending.

## II

In its counterclaim for declaratory judgment, Allstate further contends that its homeowner's policy is excess to Pekin's primary commercial policy and, thus, all coverage under Pekin's policy must first be exhausted. *Universal Underwriters Insurance Group v. Griffin*, 287 Ill. App. 3d 61, 74, 677 N.E.2d 1321 (1997) (reversed on other grounds). Pekin claims that both policies are excess policies and, therefore, both insurers must contribute equally to the defense and loss of the insured. *North American Specialty Insurance Co. v. Liberty Mutual Insurance Co.*, 297 Ill. App. 3d 595, 598, 697 N.E.2d 347 (1998).

■ The relevant provisions of Pekin's insurance policy are as follows:

"H. OTHER INSURANCE

1. If there is other insurance covering the same loss or damage, we will pay only for the amount of covered loss or damage in excess of the amount due from that other insurance, whether you can collect it or not. But we will not pay more than the applicable Limit of Insurance.

2. Business Liability Coverage is excess over any other insurance that insures for direct physical loss or damage ***."

The relevant provision of Allstate's policy is as follows:

"8. Other Insurance—Coverage X—Family Liability Protection. This insurance is excess over any other valid and collectible insurance except insurance that is written specifically as excess over the limits of liability that apply to this policy.

* * *

12. We do not cover bodily injury or property damage arising out of the past or present business activities of an insured person."

In our view, Pekin's commercial insurance policy is not an excess policy. Pekin's policy states that "if there is other insurance covering the same loss or damage, then [Pekin] will pay only for the amount of covered loss or damage in excess of the amount due from that other insurance." In this case, there is no "other insurance" that covers the "same loss or damage."

The Allstate policy is a homeowner's liability policy that was issued to Cary that insures his home and family. In addition, Allstate's policy contains an exclusion of coverage for bodily injury resulting from business pursuits. Pekin's commercial liability policy was issued to Corals & Critters and insures Carey's business from fire loss, physical damage to the store and third-party liability from claims arising from operations of the business. This incident took place at Cary's place of business, and, therefore, Pekin is the primary insurer. Accordingly, the trial court did not err in granting judgment on the pleadings in favor of Allstate.

For the forgoing reasons, the judgment of the trial court is affirmed.

Affirmed.

COHEN, P.J., and McNULTY, J., concur.