FOURTH DIVISION
September 6, 2007

No. 1-06-1676

| | | |
|---|---|---|
| PEKIN INSURANCE COMPANY, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 05 CH 11951 |
| | ) | |
| ROGER H. BEU, LINDA BEU and WALTER HALL, | ) | |
| | ) | Honorable |
| | ) | Dorothy Kinnaird, |
| Defendants-Appellants. | ) | Judge Presiding. |

JUSTICE O'BRIEN delivered the opinion of the court:

Defendants Roger and Linda Beu appeal the order of the circuit court granting plaintiff Pekin Insurance Company's motion for judgment on the pleadings, finding that plaintiff had no duty to defend them against an underlying negligence action. On appeal, defendants contend that the court erred in finding no duty to defend under the terms of the insurance policy issued by plaintiff. We affirm.

Roger Beu entered into a contract with Castle Builders regarding the construction of a residence located at 14504 Nelson Road in Woodstock, Illinois. Plaintiff issued a liability insurance policy to Castle Builders, effective February 26, 2002, to October 17, 2002, in which Roger Beu was added as an additional insured. Plaintiff's policy defines an additional insured as follows:

"1. **Who is An Insured (Section II)** is amended to include as an insured the person or organization shown in the schedule. Such person or organization is an additional insured only with respect to liability incurred solely as a result of some act or omission of the named insured and not for its own independent negligence or statutory violation. ***."

No. 1-06-1676

Walter Hall, an employee of T.S.Decorating, Inc., was working at the Nelson Road property on September 6, 2002, when he allegedly fell and sustained injuries. Hall filed a negligence action naming as defendants Direct Design, Ltd., Direct Design Construction Management, Ltd., Castle Builders, Inc., Roger H. Beu and Linda Beu, and Builders Choice Drywall, Inc. Count IV of Hall's complaint was directed against defendants Roger and Linda Beu and alleged in pertinent part:

"[O]n September 6, 2002, Defendant, Beu, was the owner, general contractor and/or contractor engaged in the construction and erection of [a] single family home [at 14504 Nelson Road] and had the responsibility for safety on the job site. *** That on and before September 6, 2002, the Defendants, and each of them, owned and/or were in charge of the erection, construction, repairs, alteration, removal and/or painting of [the structure] at 14504 Nelson Road ***. That at the aforesaid time and place and prior thereto, the Defendants, and each of them, individually and through their agents, servants and employees, were present during the course of such erection, construction, repairs, alteration, removal and/or painting. The Defendants, and each of them, participated in coordinating the work being done and designated various work methods, maintained and checked work progress and participated in the scheduling of the work and the inspection of the work. In addition thereto, at that time and place, the Defendants had the authority to stop the work, in the event the work was being performed in a dangerous manner or for any other reason."

Count IV of the complaint further alleged that defendants Roger and Linda Beu owed Hall a duty to exercise reasonable care, and that "[d]efendants, and each of them, by and through their agents, servants and employees," breached that duty by one or more of the following:

-2-

"(a) Failed to make a reasonable inspection of the premises, and the work being done thereon, when the Defendants knew, or in the exercise of ordinary care should have known, that said inspection was necessary to prevent injury to Hall.

(b) Improperly operated, managed, maintained and controlled the aforesaid premises, so that as a direct and proximate result thereof, the premises was in an unsafe condition and Hall was injured.

(c) Failed to provide Hall with a safe place within which to work, including safe, suitable and proper fall protection.

(d) Failed to warn Hall of the dangerous conditions then and there existing, when the defendants knew, or in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to Hall.

(e) Failed to provide adequate safeguards including a safe, suitable and proper fall protection system, safety railings, barricades or cover to prevent Hall from injury while lawfully upon said premises.

(f) Failed to supervise the work being done on the aforesaid premises.

(g) Maintained the aforementioned premises in a condition which caused or contributed to the dangerous and/or unsafe condition."

The complaint further alleged that "as a direct and proximate result of the aforesaid careless and negligent acts and/or omissions of the Defendants, and each of them, *** Walter Hall, then and there sustained severe and permanent injuries." (Emphasis added.)

Since Roger Beu was listed as an additional insured in Castle's liability insurance policy,

No. 1-06-1676

defendants tendered defense of the Hall action to plaintiff. Plaintiff denied it had a duty to defend and filed this complaint for declaratory judgment. Plaintiff's action also named Hall as a necessary party defendant. Hall stipulated to be bound by the judgment and was dismissed.

Plaintiff subsequently moved for judgment on the pleadings. Plaintiff contended that it had no duty to defend Roger Beu in the underlying action since Hall's complaint alleged liability based on Roger Beu's own negligence, and the policy does not provide such coverage for additional insureds. Plaintiff argued that it had no duty to defend Linda Beu because she was not listed as an additional insured in the policy. The trial court granted plaintiff's motion and defendants filed this timely appeal.

An insurer's duty to defend is much broader than its duty to indemnify, and it may not refuse to defend unless the allegations in the underlying complaint clearly fail to state facts that bring the case within or potentially within policy coverage. Hartford Fire Insurance Co. v. Everest Indemnity Insurance Co., 369 Ill. App. 3d 757, 761 (2006). In determining whether an insurer has a duty to defend, the courts must compare the allegations in the underlying complaint to the terms of the policy. Outboard Marine Corp. v. Liberty Mutual Insurance Co., 154 Ill. 2d 90, 125 (1992). The allegations in the underlying complaint and the terms of the policy will be liberally construed in favor of the insured, and all doubts and ambiguities will be resolved in favor of coverage. United States Fidelity and Guaranty Co. v. Wilkin Insulation Co., 144 Ill. 2d 64, 74 (1991). However, if the policy terms are unambiguous, the courts will give them their plain and ordinary meaning and apply the terms as written. United States Fire Insurance Co. v. Schnackenberg, 88 Ill. 2d 1, 4 (1981). We review de novo the trial court's order granting a motion for judgment on the pleadings, as well as the trial court's construction of the terms of the insurance policy. Kim v. State Farm Fire & Casualty Co., 312 Ill.

-4-

No. 1-06-1676

App. 3d 770, 772 (2000).

Defendants contend that the trial court erred in finding that plaintiff had no duty to defend them in the underlying Hall complaint. As to defendant Linda Beu, though, plaintiff correctly argues that she is not named as an additional insured on the policy. As Linda Beu is not covered under the policy, plaintiff had no duty to defend her.

As to whether plaintiff has a duty to defend Roger Beu, Village of Hoffman Estates v. Cincinnati Insurance Co., 283 Ill. App. 3d 1011 (1996), is dispositive. In Village of Hoffman Estates, the village was named an additional insured on a policy issued by the insurance company and tendered defense of an underlying complaint to the insurance company accordingly. The insurance company refused to defend the village under the policy. Village of Hoffman Estates, 283 Ill. App. 3d at 1013. The policy defined an additional insured as "the person or organization named above but only with respect to liability incurred solely as a result of some act or omission of the NAMED INSURED." (Emphasis in original.) Village of Hoffman Estates, 283 Ill. App. 3d at 1013. The appellate court found the policy to be plain and unambiguous, providing coverage only if acts or omissions of the named insured are the sole basis for alleging liability against the additional insured. Village of Hoffman Estates, 283 Ill. App. 3d at 1014. Since the allegations in the underlying complaint, directed against " 'the defendants, and each of them' ," were not based solely on the acts or omissions of the named insured, the appellate court held that there was no duty to defend the village under the policy. Village of Hoffman Estates, 283 Ill. App. 3d at 1014.

Similarly, the policy here provides that "[s]uch person or organization is an additional insured only with respect to liability incurred solely as a result of some act or omission of the named insured

-5-

and not for its own independent negligence or statutory violation." (Emphasis added.) Hall's underlying complaint, though, specifically alleges that "as a direct and proximate result of [the negligence] of the Defendants, and each of them," Hall suffered severe and permanent injuries. (Emphasis added.) As in Village of Hoffman Estates, since the allegations in Hall's complaint were not based solely on the acts or omissions of the named insured, but also were predicated on the additional insured's alleged independent acts of negligence, plaintiff has no duty to defend the additional insured, Roger Beu, under the terms of the policy.

Defendants disagree, citing United States Fire Insurance Co. V. Aetna Life & Casualty, 291 Ill. App. 3d 991 (1997). United States Fire Insurance Co. is inapposite, where the policy at issue there did not limit an additional insured's coverage to "liability incurred solely as a result of some act or omission of the named insured."

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

GALLAGHER and O'MARA FROSSARD, JJ's concur.