# Illinois Official Reports

## Appellate Court

***Vivify Construction, LLC v. Nautilus Insurance Co.*, 2017 IL App (1st) 170192**

| | |
|---|---|
| Appellate Court Caption | VIVIFY CONSTRUCTION, LLC, Plaintiff and Counterdefendant-Appellant, v. NAUTILUS INSURANCE CO., Defendant and Counterplaintiff-Appellee. |
| District & No. | First District, Third Division<br>Docket No. 1-17-0192 |
| Rule 23 order filed<br>Motion to publish<br>allowed<br>Opinion filed | December 20, 2017<br><br>January 24, 2018<br>January 24, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 2016-CH-05650; the Hon. Kathleen M. Pantle, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Jeffrey A. Siderius and Nicholas S. Graber, of Cray Huber Horstman Heil & VanAusdal LLC, of Chicago, for appellant.<br><br>Joshua G. Vincent, Dana A. Rice, and Adam P. Joffe, of Hinshaw & Culbertson LLP, of Chicago, for appellee. |

JUSTICE LAVIN delivered the judgment of the court, with opinion. Justices Fitzgerald Smith and Howse concurred in the judgment and opinion.

## OPINION

¶ 1        This appeal arises from the trial court's order entered against Vivify Construction, LLC (Vivify), and in favor of Nautilus Insurance Co. (Nautilus) with respect to the parties' cross-motions for judgment on the pleadings. The court found Nautilus had no duty to defend Vivify in the underlying action filed by an employee of its subcontractor, Victoria Metal Processor, Inc. (Victoria), which had procured insurance coverage with Nautilus on Vivify's behalf. Specifically, the court found that the Nautilus policy excluded bodily injury to Victoria's employees. On appeal, Vivify asserts that the trial court failed to give effect to the insurance policy's separation of insureds provision and failed to consider the subcontract between Vivify and Victoria in interpreting the policy. We affirm the trial court's judgment.

¶ 2                                I. Background

¶ 3        On May 18, 2015, construction worker Pablo Vieyra sustained injuries when he fell from a second story scaffold. Although he was employed by Victoria, Vivify was the general contractor in charge of the construction project. Vieyra filed a negligence action solely against Vivify, alleging that it failed to properly supervise work at the job site (case No. 2015 L 6001). In turn, Vivify filed a third-party complaint against Victoria in that action, alleging that Victoria's negligence led to Vieyra's injury.

¶ 4        Vivify and Victoria had executed a written agreement the year before (subcontract). The subcontract required Victoria to indemnify Vivify against claims of bodily injury resulting from Victoria's work under the subcontract. Additionally, the subcontract required Victoria to procure insurance on Vivify's behalf:

> "[Victoria] shall cause the commercial liability coverage required by the Subcontract Documents to include: (1) [Vivify] *** as [an] additional insured[ ] for claims caused in whole or in part by [Victoria's] negligent acts or omissions during [Victoria's] operations; and (2) [Vivify] as an additional insured for claims caused in whole or in part by [Victoria's] negligent acts or omissions during [Victoria's] completed operations."

To that end, Victoria added Vivify as an insured under Victoria's commercial general liability policy with Nautilus.

¶ 5        Under the policy, an "additional insured" included the following:

> "any person or organization when [Victoria] and such person or organization have agreed in writing in a contract *** that such person or organization be added as an additional insured on [Victoria's] policy. Such *** organization is an additional insured only with respect to liability for 'bodily injury' *** caused, in whole or part, by your acts or omissions, or the acts or omissions of those acting on your behalf:
>
> 1. In performing ongoing operations for the additional insured:
> ***

*But only for:*

1. The limits of insurance specified in such written contract or agreement, but in no event for limits of insurance in excess of the applicable limits of insurance of this policy; and

2. 'Occurrences' or coverages not otherwise excluded in the policy to which this endorsement applies." (Emphasis added.)

¶ 6 The policy addressed coverage for bodily injury:

"We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies. We will have the right and duty to defend the insured against any 'suit' seeking those damages. However, we will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply."

Furthermore, the body of the policy originally excluded coverage for certain bodily injury to "[a]n 'employee' of the insured," but that exclusion was replaced by an endorsement (employee exclusion) titled "Exclusion-Injury to Employees, Contractors, Volunteers and Other Workers." The top of the endorsement warned, "THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY."

¶ 7 The employee exclusion stated as follows:

"This insurance does not apply to:

\*\*\*

e. Injury to Employees, Contractors, Volunteers and Other Workers

'Bodily injury' to

(1) 'Employees', 'leased workers', 'temporary workers', 'volunteer workers', statutory 'employees', casual workers, seasonal workers, contractors, subcontractors, or independent contractors *of any insured*; or

(2) *Any insured's* contractors', *subcontractors'*, or independent contractors' *'employees'*, 'leased workers', 'temporary workers' 'volunteer workers', statutory 'employees', casual workers, seasonal workers, contractors, subcontractors or independent contractors

*arising out of and in the course of:*

(a) Employment by any insured; or

(b) *Directly or indirectly performing duties related to the conduct of any insured's business*; \*\*\*

This exclusion applies:

(1) Regardless of where the:

(a) Services are performed; or

(b) 'Bodily injury' occurs; and

(2) Whether any insured may be liable as an employer or in any other capacity; and

(3) To any obligation to share damages with or repay someone else who must pay damages because of the injury." (Emphases added.)

The foot of the endorsement states, "All other terms and conditions of this policy remain unchanged."

¶ 8    The policy's other terms included a separation of insureds provision:

"Except with respect to the Limits of Insurance and any rights or duties specifically assigned in this Coverage Part to the first Named Insured, this insurance applies

a. As if each Named Insured were the only Named Insured; and

b. Separately to each insured against whom claim is made or 'suit' is brought."

¶ 9                                    This Action

¶ 10    Vivify tendered its defense of Vieyra's action to Nautilus, which declined to defend Vivify. Nautilus took the position that the employee exclusion applied to Vieyra's action because Vieyra was an employee of Victoria. As a result, Vivify filed this action seeking a declaration that Nautilus had a duty to defend it against the Vieyra action (case no. 16 CH 05650). Nautilus then filed a counterclaim seeking a declaration that it did not have a duty to defend Vivify.

¶ 11    The parties filed cross-motions for judgment on the pleadings (735 ILCS 5/2-615 (West 2016)). Nautilus argued that the employee exclusion precluded coverage for bodily injuries to employees of "any insured." Because Vieyra was the employee of Victoria, an insured, the policy did not provide a defense to Vivify, notwithstanding that Vieyra was not Vivify's employee. Nautilus argued the broad language of the exclusion showed that the separation of insureds provision was not intended to provide coverage in this instance. In contrast, Vivify maintained that the separation of insureds provision required that Vieyra's status as an employee of Victoria not preclude coverage of Vivify.

¶ 12    The trial court entered judgment in favor of Nautilus, finding no duty to defend due to the employee exclusion. The court found that while the first subsection of the employee exclusion did not apply because Vieyra was not an employee of Vivify, the second subsection of the employer exclusion was significantly broader, excluding bodily injury to the employees of an insured entity's subcontractors. Giving the language its plain and ordinary meaning, the court found that claims for bodily injuries to employees of Vivify's subcontractors, including Victoria, were excluded. Because Vieyra was Victoria's employee, Nautilus was not required to defend Vivify. In reaching this determination, the court found the separation of insureds provision did not change the result. Vivify now appeals.

¶ 13                                    II. ANALYSIS

¶ 14    On appeal, Vivify asserts that the trial court erroneously entered judgment on the pleadings in favor of Nautilus. Vivify contends that the court misinterpreted the insurance policy by failing to give effect to the separation of insureds provision and by failing to consider the subcontract between Victoria and Vivify.

¶ 15    A motion under section 2-615 of the Code of Civil Procedure tests the pleadings' sufficiency by requiring the court to determine whether a complaint entitles the claimant to relief. *Pekin Insurance Co. v. Allstate Insurance Co.*, 329 Ill. App. 3d 46, 49 (2002). The court must determine whether the pleadings present a factual issue or whether the dispute can

be resolved as a legal matter. *Id.* We review judgments on the pleadings *de novo*. *Mount Vernon Fire Insurance Co. v. Heaven's Little Hands Day Care*, 343 Ill. App. 3d 309, 314 (2003).

¶ 16 An insurer's duty to defend an insured is broader than the duty to indemnify. *Pekin Insurance Co. v. Wilson*, 237 Ill. 2d 446, 456 (2010). An insured has the initial burden of demonstrating that a claim falls within an insurance policy's coverage; once satisfied, the burden shifts to the insurer, which must prove that a limitation applies. *Addison Insurance Co. v. Fay*, 232 Ill. 2d 446, 453-54 (2009). More specifically, an insurer has the burden of demonstrating that an exclusion precludes the insurer's duty to defend. *Phusion Projects, Inc. v. Selective Insurance Co. of South Carolina*, 2015 IL App (1st) 150172, ¶ 46. To satisfy that burden, it must be free and clear from doubt that the policy's exclusion precludes coverage. *Pekin Insurance Co. v. Equilon Enterprises LLC*, 2012 IL App (1st) 111529, ¶ 14.

¶ 17 An insurer cannot justifiably refuse to defend an action against its insured unless the face of the underlying complaint clearly shows that the allegations therein fail to bring the case potentially within the policy's coverage. *General Agents Insurance Co. of America, Inc. v. Midwest Sporting Goods Co.*, 215 Ill. 2d 146, 154 (2005). Where the underlying complaint against an insured raises several theories, only one of which is potentially within the policy's coverage, the insurer nonetheless has the duty to defend. *Id.* at 155. Furthermore, a court can, under certain circumstances, look beyond the underlying complaint. *Wilson*, 237 Ill. 2d at 459. Specifically, a court can examine the other pleadings in the underlying case (*id.* at 460) and the contract that led one party to procure insurance for another (*Equilon Enterprises LLC*, 2012 IL App (1st) 111529, ¶¶ 27-28). Before we can determine whether the circumstances of the underlying case potentially bring it within the policy's coverage, we must interpret the policy to determine what coverage it provides.

¶ 18 A court's primary objective in construing an insurance policy is to ascertain and enforce the parties' intentions as expressed in the policy. *Mount Vernon Fire Insurance Co.*, 343 Ill. App. 3d at 314. We must give a policy's words their plain, ordinary meaning where reasonable and apply those provisions as written, binding the parties to the agreement they made. *Western Casualty & Surety Co. v. Brochu*, 105 Ill. 2d 486, 495 (1985). Additionally, courts construe an insurance policy as a whole, considering the type of insurance at hand, the risks involved, the subject insured and the entire contract's purpose. *Mount Vernon Fire Insurance Co.*, 343 Ill. App. 3d at 314.

¶ 19 Where an ambiguity exists, courts strictly construe the policy against the insurer that drafted it and liberally construe it in favor of the insured. *Pekin Insurance Co. v. CSR Roofing Contractors, Inc.*, 2015 IL App (1st) 142473, ¶ 26. Ambiguous policies are construed in this manner because little bargaining, if any, is involved in insurance contracting and the insurer controls the drafting process. *Equilon Enterprises LLC*, 2012 IL App (1st) 111529, ¶ 19. "This rule of construction, however, does not justify construing a contract against an insurer when no real ambiguity exists." *Western Casualty & Surety Co.*, 105 Ill. 2d at 495.

¶ 20 We reject Vivify's suggestion that interpreting an unambiguous insurance policy permits a court to consider evidence outside the policy. It is well settled that courts cannot consider parol evidence to interpret a facially unambiguous policy. *Lee v. Allstate Life Insurance Co.*, 361 Ill. App. 3d 970, 979 (2005); *Bonnie Owen Realty, Inc. v. Cincinnati Insurance Co.*, 283 Ill. App. 3d 812, 820 (1996). While our supreme court in *Wilson* considered pleadings pertaining to the underlying action in deciding whether the duty to defend was triggered, we

are not persuaded that *Wilson* permits using underlying pleadings and subcontracts to interpret facially unambiguous insurance policies. *Wilson*, 237 Ill. 2d at 466 ("Having promised such coverage to Wilson, Pekin cannot now choose to ignore pleadings *** that indicate a duty to defend under the self-defense exception." (Internal quotation marks omitted.)). Vivify fails to comprehend that interpreting the scope of policy coverage presents a separate issue from whether the circumstances of an underlying action fall within the scope of that policy. *Cf. Pekin Insurance Co. v. AAA-1 Masonry & Tuckpointing, Inc.*, 2017 IL App (1st) 160200, ¶ 28 (finding that to determine whether an underlying case triggered coverage, the reviewing court was required to consider facts outside the pleadings so that the insurer could not construct a formal fortress out of the underlying complaint and ignore unpleaded facts within the insurer's knowledge); *CSR Roofing Contractors, Inc.*, 2015 IL App (1st) 142473, ¶ 48 (finding after interpreting the policy that the court could consider the subcontract to assess whether the insurer had a duty to defend); *Illinois Emcasco Insurance Co. v. Waukegan Steel Sales, Inc.*, 2013 IL App (1st) 120735, ¶¶ 24-25 (considering the underlying contract in determining whether the named insured could potentially be liable for the accident, thereby triggering coverage); *Equilon Enterprises LLC*, 2012 IL App (1st) 111529, ¶¶ 27-28 (finding that the court must consider the agreement that led to the procurement of insurance to determine whether an underlying case triggers a duty to defend); *Fidelity & Casualty Co. of New York v. Envirodyne Engineers, Inc.*, 122 Ill. App. 3d 301, 304 (1983) (finding an insurer may offer evidence outside of the complaint to prove that the insured's conduct fell outside of the policy).

¶ 21    We acknowledge that the appellate court's language has at times suggested that courts can consider parol evidence when interpreting an insurance policy. In *Pekin Insurance Co. v. Pulte Home Corp.*, 404 Ill. App. 3d 336 (2010), the court stated that "in order to construe the parties' intent in the instant case, we must look to the language of the subcontract agreement between Pulte Homes and Kunde Construction, as well as the insurance policy issued by Pekin to Kunde Construction." *Id.* at 343.

¶ 22    As the appellate court's subsequent decision in *CSR Roofing Contractors, Inc.*, found, however, *Pulte* made the aforementioned statement while determining whether the insurer owed a duty under the circumstances presented, despite referring to the interpretation of the insurance policy. See *CSR Roofing Contractors, Inc.*, 2015 IL App (1st) 142473, ¶ 29. The reviewing court stated, "it does not follow, however, that we may find ambiguity in an insurance policy whenever the policyholder is party to another agreement, *i.e.*, a subcontract, that requires more coverage than the scope defined by the policy's clear and unambiguous language." *Id.*

¶ 23    Similar to *Pulte*, *Equilon* discussed contract construction and stated that "a circuit court ought not ignore the agreements that serve to drive the named insured to purchase the liability policy naming the other party as an additional insured, in assessing the risk undertaken and the subject matter and purpose of the insurance contract." *Equilon Enterprises LLC*, 2012 IL App (1st) 111529, ¶ 28. The reviewing court in *Equilon* also stated, "It seems likely that the contract that compels a named insured to add other parties to its liability policy will inform the circuit court's decision on the nature of the coverage the purchased policy was meant to provide to the additional insured." *Id.* ¶ 29.

¶ 24    As with *Pulte*, the reviewing court in *CSR Roofing Contractors, Inc.*, found *Equilon* made the aforementioned statements in the context of deciding whether the insurer owed the

insured a duty to defend, not in interpreting the scope of the contract. *CSR Roofing Contractors, Inc.*, 2015 IL App (1st) 142473, ¶¶ 30-31. The reviewing court then stated, "[t]o the extent that [the comments] could be read to support the argument that a subcontract agreement can render otherwise clear and unambiguous language in an insurance policy ambiguous, we flatly reject that proposition." *Id.* ¶ 31. We find *CSR Roofing Contractors, Inc.*, to be well reasoned.

¶ 25　　Absent any supreme court authority that clearly alters well-settled rules of contract interpretation, we decline to consider parol evidence in interpreting an otherwise unambiguous insurance policy. We further observe that Vivify has not explained how the subcontract has any bearing on Nautilus's intent in entering into the insurance policy, as Nautilus was not a party to the subcontract. Whether Vivify may or may not have potential recourse against Victoria for failing to procure the requisite insurance constitutes a separate legal matter that is not before us. Moreover, it involves a party that is not before us: Victoria.[1]

¶ 26　　Having considered the Nautilus policy in its entirety, we agree with the trial court's determination that the policy excludes a duty to defend Vivify in the underlying action. The employee exclusion's second subsection precludes coverage for claims of bodily injury sustained by "*[a]ny insured's* contractors', *subcontractors'*, or independent contractors' *'employees.'* " Thus, the second subsection of the employee agreement unambiguously precludes coverage where an insured is sued for bodily injury sustained by the employee of one of its contractors or subcontractors, regardless of whether the latter entity is an insured or not.[2] Victoria has offered, and we find, no alternative meaning or purpose for such language. We decline to interpret this exclusion in a manner that would render it meaningless. Furthermore, our interpretation does not render the separation of insureds provision meaningless, as that provision must still be applied to the policy's other exclusions.

¶ 27　　We recognize that defendant relies on several cases finding a separation of insureds provision, otherwise called a severability clause, precluded application of a coverage exclusion. See *United States Fidelity & Guaranty Co. v. Globe Indemnity Co.*, 60 Ill. 2d 295, 297-99 (1975) (finding the policy required the insurer to defend one insured against an action by the other insured's employee where the policy excluded "bodily injury to any employee of the insured arising out of and in the course of his employment by the insured" but included a severability clause (internal quotation marks omitted)); *Cook v. Country Mutual Insurance Co.*, 126 Ill. App. 3d 446, 446-47 (1984) (reaching a similar result ); see also *Willett Truck Leasing Co. v. Liberty Mutual Insurance Co.*, 88 Ill. App. 3d 133, 135-38 (1980) (finding that even in the absence of a severability clause, an exclusion for "bodily injury to any employee

---

[1]Vivify misrepresents the import of *Pekin Insurance Co. v. Lexington Station, LLC*, 2017 IL App (1st) 163284. That case did not reject an insurer's attempt to disregard a construction contract in determining insurance coverage; rather, the case rejected an insurer's attempt to treat the construction contract as dispositive. *Id.* ¶ 35. Furthermore, we disregard Vivify's reliance on cases addressing whether an insurer satisfied a duty to defend, rather than whether an insurance policy created a duty to defend. See *Cincinnati Cos. v. West American Insurance Co.*, 183 Ill. 2d 317 (1998).

[2]We note that an unreported federal decision has agreed with Nautilus that an identical exclusion unambiguously barred coverage "for work-related injuries of an insured's or subcontractor's employees or workers." *Certain Underwriters at Lloyd's London v. G&P Boston Properties LLC*, No. 13-12796-GAO, 2015 WL 1243398, at *2 (D. Mass. Mar. 18, 2015).

of the insured arising out of and in the course of his employment by the insured" did not permit an insurer to deny one insured coverage where that insured was sued by the employee of another insured (internal quotation marks omitted)). Yet, none of those cases involved policies containing the broad exclusionary language at issue here.

¶ 28 Having interpreted the policy, we now apply it to the circumstances before us. Vivify is an insured under the policy. Victoria is Vivify's subcontractor, and Vieyra is Victoria's employee. Thus, Vivify, the insured, is seeking coverage for bodily injury sustained by the employee of one of its subcontractors. The exclusion clearly applies, and neither Vieyra's complaint, Vivify's third-party complaint, nor the subcontract could alter these essential underlying circumstances to potentially bring the underlying action within the policy's coverage. To be clear, Victoria's status as Vivify's subcontractor dictates this result, not Victoria's status as an insured. We would reach the same result if Victoria were not an insured under the policy whatsoever. See also *Nautilus Insurance Co. v. K. Smith Builders, Ltd.*, 725 F. Supp. 2d 1219, (D. Haw. 2010) (finding under a similarly broad exclusion that there was no duty to defend, notwithstanding a separation of insureds provision). We observe that while Vivify contends it is unlikely that Victoria will be able to pay Vivify's legal expenses and any judgment against it, Vivify could have protected itself by reading the policy to ensure that it satisfied the subcontract. We cannot rewrite an insurance policy to suit Vivify's needs.

¶ 29                                        III. CONCLUSION

¶ 30 Vieyra was the employee of Vivify's subcontractor, Victoria. Accordingly, the broad employee exclusion applied, negating any duty of Nautilus to defend Vivify in the underlying action.

¶ 31 For the foregoing reasons, we affirm the trial court's judgment.

¶ 32 Affirmed.